UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Margarita María Nunez,**

Plaintiff,

v.

**EQUIFAX INFORMATION SERVICES LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANSUNION LLC,**
**CITIZENS BANK, N.A.,**
**MR. COOPER GROUP INC. f/k/a NATIONSTAR MORTGAGE LLC,**
**UNITED WHOLESALE MORTGAGE, LLC,**
**HY CITE CORPORATION d/b/a ROYAL PRESTIGE,**
**FLAGSTAR BANK, N.A.,**
**ROCKET MORTGAGE, LLC,**
**AMERICAN EXPRESS NATIONAL BANK**

Defendants.

Case No.:

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff MARGARITA MARIA NUNEZ, by and through her undersigned counsel, brings this action against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), TransUnion LLC ("TransUnion") (collectively, the "Consumer Reporting Agencies" or "CRAs"), and the furnishers of information identified above (collectively, the "Furnishers"), for systemic, egregious, negligent, and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., as well as violations of New York General Business Law §§ 349, 380-b, and 380-j.

2. Defendants' repeated and pervasive failures to comply with their statutory obligations under the FCRA—including the duties to maintain reasonable procedures to assure maximum possible accuracy of reported information, to provide complete and accurate disclosures of consumer files, to conduct reasonable reinvestigations of disputed information, and to ensure that furnishers investigate, correct, and update disputed

1

information—have directly and proximately caused Plaintiff substantial and ongoing harm.

3. This harm includes multiple wrongful denials of credit and loans resulting from the dissemination of inaccurate, incomplete, unverifiable, and misleading information appearing on Plaintiff's credit reports, as well as severe emotional distress, anxiety, frustration, reputational injury, and other non-economic damages.

4. The Consumer Financial Protection Bureau ("CFPB") has repeatedly enforced against the CRAs for substantially similar systemic failures, underscoring a nationwide pattern of misconduct that directly parallels the violations alleged herein.

## PARTIES

5. Plaintiff Margarita Maria Nunez is an individual residing at Bronx, New York 10452-5236.

6. Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company with its principal place of business in Atlanta, Georgia. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.

7. Defendant Experian Information Solutions, Inc. ("Experian") is a Nevada corporation with its principal place of business in Costa Mesa, California. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.

8. Defendant TransUnion LLC ("TransUnion") is a Delaware limited liability company with its principal place of business in Chicago, Illinois. TransUnion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.

9. Defendant Citizens Bank, N.A. is a national banking association and furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 that regularly conducts business in New York.

10. Defendant Mr. Cooper Group f/k/a Nationstar Mortgage LLC is a mortgage servicer and furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 that regularly conducts business in New York.

11. Defendant United Wholesale Mortgage, LLC is a mortgage lender and furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 that regularly conducts business in New York.

12. Defendant Hy Cite Corporation d/b/a Royal Prestige is a corporation and furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 that regularly conducts business in New York.

13. Defendant Flagstar Bank, N.A. is a national banking association and furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 that regularly conducts business in New York.

14. Defendant Rocket Mortgage, LLC is a mortgage lender and furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 that regularly conducts business in New York.

15. Defendant American Express National Bank is a national banking association and furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 that regularly conducts business in New York.

## JURISDICTION AND VENUE

16. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the FCRA, 15 U.S.C. § 1681 et seq., and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

17. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b), as Plaintiff resides in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

18. Around April 2026, Plaintiff planned to apply for credit and loans for family and household purposes with Discover. Her information was disseminated to known and unknown lenders and creditors. Plaintiff was denied credit due to adverse information reported on her credit.

19. Plaintiff requested her full file disclosure from annualcreditreport.com from all CRAs, and they failed to provide full file disclosure, which is a violation of 15 U.S.C. § 1681g(a).

20. Plaintiff reviewed her credit report via Experian, TransUnion and Equifax with various websites and found inaccurate and incomplete items of information on her credit report.

21. Plaintiff disputed each item of information that was inaccurate, incomplete and inconsistent across all CRA websites in or about May 2026.

3

22. Upon information and belief, each CRA defendant notified all Furnisher defendants per 15 U.S.C. § 1681i(a). This triggered the duty of each furnisher defendant to conduct a proper and reasonable reinvestigation per 15 U.S.C. § 1681s-2(b).

23. All defendants have 30 to 45 days to conduct a reasonable reinvestigation and either update, delete or block any items of information if it cannot be verified.

24. In or about May 2026, Plaintiff applied for a loan with SoFi Bank, Upstart and Digital Credit Union. Her information was disseminated to known and unknown lenders and creditors. Plaintiff was denied credit due to adverse information reported on her credit.

25. Around May 2026, Plaintiff reviewed her credit report and discovered that all defendants failed to reinvestigate and address her concerns. Defendants and CRAs failed to mark most of the accounts as disputed.

**Specific Allegations Against Experian**

26. CITIZENS BANK 524038XXXXXXXXXX: This account is inaccurate and incomplete - May 2024 payment is not reported. This account is being reported inconsistently compared to how it appears on the other CRAs.

27. NATIONSTAR MORTGAGE - 74447XXXX: This account is inaccurate and incomplete, many of missing payment days, This account was opened in December 2023 but only started reporting in February 2025, July and August 2025 are reported 60 days late and January and February 2026 are reported 90 days late erroneously.

28. UNITED WHSLE MORT - 300018XXXXXXX: This Account is inaccurate and incomplete, January 2025 to January 2026 is reported inaccurately and in wrong progression. February 2026 is reporting no data. This account is being reported inconsistently compared to how it appears on the other CRAs.

29. HY CITE CORP/ROYAL PRESTIGE - 2556XXXX: This account is inaccurate and incomplete, Account type is inaccurate, No date reported from January to December 2024, May to August 2025 is reported as 30 days late repeatedly and erroneously.

**Specific Allegations Against Equifax**

30. HY CITE CORP/ROYAL PRESTIGE xxxxxx56: This account is inaccurate and incomplete, March to August 2022 payment is not reported, September 2023 to January 2025 payment not reported. May to August 2025 payment is reported as 60 repeatedly in error. This account is being reported inconsistently compared to how it appears on the other CRAs.

31. Citizens Bank - xxxxxxxxxxxx6597: This account is inaccurate and incomplete, July to November 2024 is reported in the wrong progression, October 2024 payment is not reported. This account is being reported inconsistently compared to how it appears on the other CRAs.

32. United Wholesale Mortgage - xxxxxxxxx7083: This account is inaccurate and incomplete, January to August is reported as 60 days late, September to October 2025 is reported as 90 days and November to December 2025 is reported as 120 days late erroneously and in wrong progression. January and February 2026 payment data not reported. This account is being reported inconsistently compared to how it appears on the other CRAs.

33. National Mortgage - xxxxx1830: This account is inaccurate and incomplete, payment data from December 2023 to January 2025 is not reported, February 2025 payment data to February 2026 payment data is reported in wrong progression and inconsistently compared to how it appears on the other CRAs.

34. FLAGSTAR BANK xxxxxxxxx6291: This account is inaccurate and incomplete, December 2023 to July 2024 payment data not reported, September 2024 payment not reported. Account was sold but buyer not reported, This account is being reported inconsistently compared to how it appears on the other CRAs.

35. Rocket Mortgage xxxxxxxxx6651: This account is inaccurate and incomplete, December 2023 to February 2024 payment data not reported, Account was sold but buyer not reported, This account is being reported inconsistently compared to how it appears on the other CRAs.

36. American Express xxxxxxxxxxxx4733: This account is inaccurate and incomplete, February and March 2021 payment not reported, July 2025 payment not reported, This account is being reported inconsistently compared to how it appears on the other CRAs.

### Specific Allegations Against TransUnion

37. FLAGSTAR BANK646044186****: This account is inaccurate and incomplete, Payment not reported from December 2023 to July 2024, September 2024 payment not reported. This account is being reported inconsistently compared to how it appears on the other CRAs.

38. HYCITE SERV ROYAL PRESTI2556****: This account is inaccurate and incomplete, May 2025 to August 2025 is reported as 30 days late repeatedly, erroneously, in wrong

progression and inconsistently compared to how it appears on the other CRAs. Reinvestigate.

39. NATIONSTAR MORTGAGE LLC74447****: This account is inaccurate and incomplete, December 2023 to January 2025 payment data is not reported, July and August 2025 is reported as 60 days late repeatedly and erroneously, July 2025 to March 2026 is reported in wrong progression and inaccurately. This account is being reported inconsistently compared to how it appears on the other CRAs.

40. RBS CITIZENS NA524038040254***: This account is inaccurate and incomplete, October 2024 to December 2024 is reported as 120 days erroneously and inaccurately. This account is being reported inconsistently compared to how it appears on the other CRAs.

41. UNITED WHOLESALE MTG300018957****: This account is inaccurate and incomplete, January 2025 to February 2026 is reported inaccurately and in wrong progression. This account is being reported inconsistently compared to how it appears on the other CRAs.

42. AMERICAN EXPRESS349993345438****: This account is inaccurate and incomplete, February and March 2025 payment data not reported. This account is being reported inconsistently compared to how it appears on the other CRAs.

43. ROCKET MORTGAGE867353636****: This account is inaccurate and incomplete, January and February 2024 payment not reported. This account is being reported inconsistently compared to how it appears on the other CRAs. Reinvestigate.

44. As a direct and proximate result of Defendants' inaccurate and unlawful credit reporting, Plaintiff suffered concrete and particularized harm. Plaintiff was denied credit and loan opportunities, including applications with Discover, SoFi Bank, Upstart, and Digital Credit Union. Plaintiff's mortgage and other credit applications were adversely affected. Plaintiff suffered lost financial opportunities, increased costs of credit, damaged credit score, and was forced to expend significant time and effort attempting to correct the inaccurate reporting.

45. In addition, Plaintiff experienced emotional distress, anxiety, frustration, humiliation, mental anguish, financial stress, and reputational harm caused by the continued presence of false and misleading information on her credit reports. These injuries are actual, real, and measurable, and not merely procedural or speculative

6

## CLAIMS FOR RELIEF

## AS AND FOR A FIRST CAUSE OF ACTION

### I. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a) (Against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and TransUnion LLC)

46. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

47. Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and TransUnion LLC failed to provide complete and accurate disclosures of Plaintiff's credit files, as required by 15 U.S.C. § 1681g(a), by including inaccurate, incomplete, and outdated information, omitting critical account details, and refusing to delete or correct disputed items despite evidence.

48. These violations were negligent and/or willful, entitling Plaintiff to actual damages, statutory damages up to $1,000 per violation, punitive damages, and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

## AS AND FOR A SECOND CAUSE OF ACTION

### II. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b) (Against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and TransUnion LLC)

49. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

50. Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and TransUnion LLC failed to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit reports, as required by 15 U.S.C. § 1681e(b), resulting in the dissemination of inaccurate, incomplete, and unverifiable information to third parties.

51. These violations were negligent and/or willful, entitling Plaintiff to actual damages, statutory damages, punitive damages, and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

7

**AS AND FOR A THIRD CAUSE OF ACTION**

**III. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681i (Against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and TransUnion LLC)**

52. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

53. Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and TransUnion LLC failed to conduct reasonable reinvestigations of Plaintiff's disputes, as required by 15 U.S.C. § 1681i, by ignoring submitted evidence, allowing reinsertion of inaccuracies, providing confusing results, and relying on automated verifications without meaningful review.

54. Had Defendants conducted proper reinvestigations, they would have updated, deleted, or blocked the disputed items under 15 U.S.C. § 1681i(a)(5) and marked accounts as disputed. Specifically, Defendants violated: a. 15 U.S.C. § 1681i(a)(2): By failing to promptly notify furnishers of disputes and provide all relevant information. b. 15 U.S.C. § 1681i(a)(4): By failing to review and consider all relevant consumer-submitted information. c. 15 U.S.C. § 1681i(a)(5): By failing to delete or modify inaccurate/incomplete information and prevent reappearance. d. 15 U.S.C. § 1681i(a)(6)(B)(iii): By failing to provide descriptions of investigation procedures upon request. e. 15 U.S.C. § 1681i(a)(7): By failing to timely provide requested investigation descriptions.

55. These violations were negligent and/or willful, entitling Plaintiff to actual damages, statutory damages, punitive damages, and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

**AS AND FOR A FOURTH CAUSE OF ACTION**

**IV. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(A) – Failure to Conduct Reasonable Investigation (Against all Furnisher Defendants)**

56. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

57. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information after receiving notice of the dispute from one or more consumer reporting agencies. This includes, without limitation: failing to review or consider Plaintiff's submitted dispute letters and supporting documentation; failing to verify the accuracy of the missing or incomplete payment

history and re-aging on the Citizens Bank, Nationstar Mortgage, United Wholesale Mortgage, Hy Cite/Royal Prestige, Flagstar Bank, Rocket Mortgage, and American Express accounts; failing to investigate the inconsistent reporting across CRAs; and failing to investigate Plaintiff's specific disputes regarding inaccurate late payments and incomplete histories.

58. As a direct and proximate result of the Furnisher Defendants' failure to conduct a reasonable investigation, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation and score, credit denials, inability to obtain credit, and other financial and non-economic damages.

59. The Furnisher Defendants' conduct was negligent and/or willful.

60. Plaintiff is entitled to recover actual damages, punitive damages, and litigation costs pursuant to 15 U.S.C. § 1681n for the Furnisher Defendants' willful violations.

61. Alternatively, Plaintiff is entitled to recover actual damages and litigation costs pursuant to 15 U.S.C. § 1681o if the Furnisher Defendants' violations are found to be negligent.

### AS AND FOR A FIFTH CAUSE OF ACTION

### V. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(B) – Failure to Review All Relevant Information and Note Dispute (Against all Furnisher Defendants)

62. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

63. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff and forwarded by the consumer reporting agencies, and by failing to promptly notify the consumer reporting agencies that the disputed information was disputed.

64. As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to Plaintiff's credit reputation and rating, credit denials, inability to obtain credit, and other injuries and damages.

65. The Furnisher Defendants' conduct was negligent and/or willful.

66. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

67. Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

9

**AS AND FOR A SIXTH CAUSE OF ACTION**

**VI. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(C) – Failure to Report Accurate Information After Dispute (Against all Furnisher Defendants)**

68. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

69. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report complete and accurate information to the consumer reporting agencies after the dispute was received. This includes continuing to report incomplete payment histories, re-aged accounts, and inconsistent statuses.

70. As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation, credit denials, inability to obtain credit, and other financial and non-economic damages.

71. The Furnisher Defendants' conduct was negligent and/or willful.

72. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

73. Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

**AS AND FOR A SEVENTH CAUSE OF ACTION**

**VII. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(D) – Failure to Report Results to All Consumer Reporting Agencies (Against all Furnisher Defendants)**

74. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

75. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report the results of the investigation to all consumer reporting agencies to which the Furnisher Defendants had provided the disputed information.

76. As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation, credit denials, inability to obtain credit, and other injuries and damages.

77. The Furnisher Defendants' conduct was negligent and/or willful.

78. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

79. Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

10

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### VIII. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(E) – Failure to Modify, Delete, or Block Inaccurate/Unverifiable Information (Against all Furnisher Defendants)

80. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

81. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the reporting of disputed items of information that were found to be inaccurate, incomplete, or could not be verified after reinvestigation. This includes failing to correct missing payments, re-aging, and inconsistent reporting on the accounts identified above.

82. The Furnisher Defendants also failed to have reasonable procedures in place to modify or update information in their internal systems and to report the accurate status of disputed accounts to consumer reporting agencies.

83. As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation, credit denials, inability to obtain credit, and other financial and non-economic damages.

84. The Furnisher Defendants' conduct was negligent and/or willful.

85. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

86. Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

## AS AND FOR A NINTH CAUSE OF ACTION

### IX. Willful Noncompliance, 15 U.S.C. § 1681n (Against All Defendants)

87. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

88. Defendants' failures to correct inaccuracies, conduct reasonable reinvestigations, and mark accounts as disputed were willful, in violation of 15 U.S.C. § 1681n, as evidenced by systemic deficiencies documented in CFPB enforcement actions and Defendants' continued noncompliance despite prior penalties.

89. These willful violations caused Plaintiff significant harm, entitling her to statutory damages ($100–$1,000 per violation), punitive damages, and attorney's fees.

## AS AND FOR A TENTH CAUSE OF ACTION

11

### X. Violation of N.Y. Gen. Bus. Law § 380-b – Failure to Provide Complete and Accurate Disclosure (Against All Defendants)

90. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

91. Defendants failed to provide complete and accurate disclosures of Plaintiff's credit files, as required by N.Y. Gen. Bus. Law § 380-b, by including inaccuracies and omitting details, causing harm including credit denials and emotional distress.

92. Plaintiff is entitled to actual damages, injunctive relief, and attorney's fees.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION

### XI. Violation of N.Y. Gen. Bus. Law § 349 – Deceptive Acts and Practices (Against All Defendants)

93. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

94. Defendants engaged in deceptive acts and practices by maintaining and disseminating inaccurate credit reports, failing to correct errors, and not marking disputes, in violation of N.Y. Gen. Bus. Law § 349. These practices were consumer-oriented, materially misleading, and caused injury.

95. Plaintiff is entitled to actual damages (trebled up to $1,000), injunctive relief, and attorney's fees.

### AS AND FOR A TWELFTH CAUSE OF ACTION

### XII. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a) – Failure to Provide Complete and Accurate Disclosure of Consumer File (Against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and TransUnion LLC)

96. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

97. Pursuant to 15 U.S.C. § 1681g(a), consumer reporting agencies are required to make available to consumers, upon request, all information in the consumer's file at the time of the request, including a complete and accurate disclosure of the consumer's credit file, which must clearly and accurately disclose all information in the file.

98. Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and TransUnion LLC failed to provide Plaintiff with a complete and accurate disclosure of her credit files, as required by 15 U.S.C. § 1681g(a).

99. Specifically, the disclosures provided by these Defendants included inaccurate, incomplete, outdated, and unverifiable information; omitted critical account details; and

12

failed to reflect corrections or deletions of disputed items despite Plaintiff's repeated disputes and submission of supporting documentation.

100. The Defendants' disclosures perpetuated the dissemination of erroneous, misleading, and incomplete information, directly contributing to Plaintiff's wrongful credit denials, severely damaged credit score, reputational harm, and profound emotional distress.

101. These violations were negligent and/or willful, as evidenced by the Defendants' systemic failures documented in multiple Consumer Financial Protection Bureau enforcement actions.

102. As a direct and proximate result of the Defendants' violations of 15 U.S.C. § 1681g(a), Plaintiff has suffered actual damages, including but not limited to economic losses from credit denials, inability to secure new credit, reputational injury, and severe emotional and mental anguish.

103. Plaintiff is entitled to recover actual damages, statutory damages (up to $1,000 per violation), punitive damages, costs of the action, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n (for willful violations) and 1681o (for negligent violations).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award actual damages for financial losses, including credit and loan denials with Discover, SoFi Bank, Upstart, and Digital Credit Union, inability to secure credit, and a damaged credit score;

b. Award statutory damages under 15 U.S.C. § 1681n for Defendants' willful violations of the FCRA;

c. Award punitive damages to deter Defendants' willful and reckless conduct;

d. Award compensatory damages for emotional distress, anxiety, frustration, humiliation, mental anguish, financial stress, and reputational harm;

e. Order Defendants to correct, delete, or block all inaccurate and incomplete information from Plaintiff's credit files and mark accounts as disputed where applicable;

f. Award reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n, 1681o, and N.Y. Gen. Bus. Law § 349;

g. Grant such other and further relief as the Court deems just and proper.

13

Plaintiff requests trial by jury on all issues so triable.

Dated: June 2, 2026

_____

Adam J. Fishbein (AF-9508)
Attorney At Law
Attorney for the Plaintiff
735 Central Avenue
Woodmere, New York 11598
516-668-6945
fishbeinadamj@gmail.com

14